TINMAN v. McMEEKIN.

1. AGRICULTURAL LIENS—WARRANT.—The failure to allege the locality of the land in a warrant to enforce an agricultural rent lien is cured by allegations setting forth the county in which the land is, contained in an affidavit upon which the defendant bases his right to rely upon this defect in the warrant.

2. IBID.—SATISFACTION—REVIVAL.—Cotton sufficient to satisfy a statutory

rent lien having been delivered by the lienor to the lienee, the lien is ex-
tinguished, and cannot be revived as a statutory lien between the parties
by their subsequent agreement that the cotton so delivered should be ap-
plied to the payment of an unsecured account.

Before WITHERSPOON, J., Fairfield, June, 1893.

Proceeding by Nicholas Tinman against Warren T. Mc-
Meekin, instituted in February, 1893, to enforce a rent lien on
crops.

*Mr. J. E. McDonald,* for appellant.

*Messrs. Buchanan & Hanahan,* contra.

September 12, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff rented to the defendant
for the year 1892 a parcel of land situate in Fairfield County,
in this State, for 625 pounds of lint cotton, to be delivered on
or before the 31st December, 1892. On the 1st of November
and 18th of December of that year, the defendant delivered the
entire rent cotton to the plaintiff. On the 18th of January,
1893, an agreement was made between the parties as to the
proceeds of the cotton (it having been sold for $70, a sum
greater than the value of the rent—the 625 pounds of lint cotton
which was $56), by which the rent was left unpaid, and the
amount paid as rent was applied to an unsecured account held
by plaintiff against the defendant. Thereafter, on the 9th
February, 1893, the plaintiff sued out before a trial justice a
warrant, which was levied upon other crops of defendant to
recover the rent. Defendant denied plaintiff's right to this
process; contending, first, that there was a technical failure in
the proceedings before the trial justice, in that there were cer-
tain jurisdictional facts omitted; and, secondly, that there was
no lien existing at the date of the proceedings. The trial justice
held with the defendant, and dismissed the proceedings, but
upon appeal to the Circuit Court, which came on to be heard
by Judge Witherspoon, he reversed the judgment of the trial
justice. The defendant brings this appeal from that judgment.

As to the first question presented, namely, the defect in the

proceedings in the Trial Justice Court, in that the plaintiff failed to show in his affidavit that the land rented was situated in Fairfield County, and that the crop seized was grown therein during the year 1892, we cannot agree with the appellant, for he elected himself to cure these defects by embodying these allegations in the very affidavit upon which he based his right to these technical defences. Having done so, the papers themselves showed jurisdiction in the trial justice to hear and determine this matter.

But as to the second ground of appeal, we are inclined to think the Circuit Judge was in error upon the admitted facts. Whenever the contract between the landlord and his tenant for rent (to which the law of this State gives a statutory lien upon all the crops grown by the tenant on the rented lands as a security for such rent) has been once settled in full, it is not in the power of the landlord and tenant after such a settlement to renew such statutory lien. If the parties wished to create a lien, it was in their power to do so by way of mortgage, but they could not cause the lien under the statutes of this State which had been once satisfied to be renewed.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the judgment of the trial justice affirmed.